# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESBLANDY YANNELA DELGADO MARTINEZ,<br><br>Petitioners,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-01812-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 2) |

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the undersigned recommends granting the petition for writ of habeas corpus and ordering Petitioner's immediate release.

### I.

### BACKGROUND

Petitioner is an asylum seeker who alleges that she has "complied with all the requirements of ICE," "did all as asked and never violated any of the laws or rules," and "went for every check-in." (ECF No. 1 at 5.[1]) The petition further alleges that "ICE refused to give [Petitioner] a reason [as] to why they arrest[ed her.]" (Id. at 6.)

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

1

On March 6, 2026, Petitioner filed a petition for writ of habeas corpus, raising a prolonged detention due process claim. (ECF No. 1 at 6–17.) The Court also construed the petition as "raising a due process claim regarding Petitioner's re-detention and challenging the statutory authority for Petitioner's detention." (ECF No. 6 at 1.) On March 25, 2026, Respondents filed a response to the petition. (ECF Nos. 11, 12.)

## II.

## DISCUSSION

Although the deadline for Petitioner to file a reply to Respondents' response has not yet passed, the undersigned finds that issuance of the findings and recommendation is appropriate.

### A. Procedural Due Process

"Respondents maintain that Petitioner is an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)(A)." (ECF No. 9 at 1.) However, "Respondents submit there are no significant factual or legal issues in this case that materially distinguish it from those cases in which this Court has granted habeas relief." (Id.)

Accordingly, the undersigned recommends granting the petition on the construed due process claim regarding Petitioner's re-detention for the reasons stated in Clene C.D. v. Robbins, No. 1:25-cv-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); R.A.N.O. v. Wofford, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); Bilal A. v. Wofford, No. 1:25-cv-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); Elmer Joel M. C. v. Wofford, No. 1:25-cv-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); Omer G. G. v. Kaiser, No. 1:25-cv-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025); W.V.S.M. v. Wofford, No. 1:25-cv-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).[2]

Courts in this district have taken differing approaches to the relief granted to petitioners who have been released, subsequently re-detained, and denied bond hearings in violation of due process. In some cases, the immediate release of the petitioner has been ordered. See, e.g.,

---

[2] In light of this conclusion, the Court declines to address Petitioner's prolonged detention claim.

2

Yurani Hortua v. Chestnut, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 (E.D. Cal. Dec. 9, 2025) (ordering immediate release of petitioner who had been released from immigration detention on parole, was arrested for theft but the case was resolved with community service and did not result in a conviction, and was re-detained at a routine six-month check-in); Carmen G.C., 2025 WL 3521304 (ordering immediate release of petitioner who allegedly violated reporting requirements four times); Rocha Chavarria, 2025 WL 3533606 (ordering immediate release of petitioner who allegedly "incurred compliance violations" that were not identified and where respondents did not suggest the alleged violations were the reason for petitioner's re-detention).

In other cases, bond hearings have been ordered rather than immediate release. See, e.g., J.E.H.G., 2025 WL 3523108 (ordering bond hearing for petitioner who allegedly violated reporting requirements numerous times and was re-detained based on said violations); Paz Aguilera v. Albarran, No. 1:25-cv-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements one time and was re-detained based on said violation); Sharan S., 2025 WL 3167826 (ordering bond hearing for petitioner who allegedly violated reporting requirements eight times).

Here, although Petitioner was arrested on January 18, 2026 for driving under the influence, the undersigned recommends finding that Petitioner's immediate release is the appropriate remedy. See Singh v. Warden of Golden State Annex Facility, No. 1:26-cv-01977-KES-SAB (HC), 2026 WL 778645, at *1 & n.1 (E.D. Cal. Mar. 18, 2026) (granting petition, ordering immediate release of petitioner, who had been previously released on recognizance, and enjoining respondents from re-detaining petitioner absent a pre-detention hearing, despite petitioner being charged with two driving-related misdemeanors and two infractions); Munoz-Flores v. Chestnut, No. 1:26-cv-01301-KES-HBK (HC), 2026 WL 457124, at *1 (E.D. Cal. Feb. 18, 2026) (granting petition, ordering immediate release of petitioner, who had been previously released on recognizance, and enjoining respondents from re-detaining petitioner absent a pre-detention hearing, despite petitioner being charged with (but not convicted of) driving under the influence); Cajina v. Wofford, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal.

3

Nov. 21, 2025) (granting temporary restraining order, ordering immediate release of petitioner, who had been previously released on recognizance, and enjoining respondents from re-detaining petitioner absent a pre-detention hearing, despite petitioner being charged with driving under the influence); Tinoco v. Noem, No. 1:25-cv-01762-DC-JDP (HC), --- F. Supp. 3d ----, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting temporary restraining order, ordering immediate release of petitioner, who had been previously released on recognizance, and enjoining respondents from re-detaining petitioner absent a pre-detention hearing, despite petitioner's arrest for driving under the influence and subsequent conviction for wet reckless driving).

**B.  Motion to Appoint Counsel**

Petitioner has moved for appointment of counsel. (ECF No. 2.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In light of the Court's conclusion that Petitioner is entitled to habeas relief, the undersigned will deny Petitioner's motion for appointment of counsel.

**III.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on the construed due process claim challenging Petitioner's re-detention.

2. Respondents be directed to immediately release Petitioner from custody with the same conditions she was subject to immediately prior to her re-detention.

3. Respondents be enjoined and restrained from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a

neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

Further, the Court HEREBY ORDERS that Petitioner's motion for appointment of counsel (ECF No. 2) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 7, 2026**           /s/ _Erin P. Grosjean_
                                   UNITED STATES MAGISTRATE JUDGE